IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DERRICK USSERY                                                                             PETITIONER

VS.                                                         CIVIL ACTION NO. 3:14cv-605-DPJ-FKB

WARDEN MOSLEY                                                                         RESPONDENT

**REPORT AND RECOMMENDATION**

This cause is before the Court on the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Derrick Ussery. Having considered the petition and response, the undersigned recommends that habeas relief be denied.

Ussery is a federal inmate serving a 262-month sentence for a drug offense. He is incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi. In his petition, Ussery challenges a disciplinary proceeding in which he was found guilty of refusing to give a urine sample, in violation of disciplinary code 110, and his resulting loss of good time credit.

On August 7, 2013, Officer G. Salassi completed an incident report charging Ussery with failing to provide a urine sample upon request. [8-3] at 2. In the report, Officer Salassi stated that at 8:10 p.m. on August 7, Ussery was directed to provide a urine sample and that he was given access to water but that Ussery nevertheless failed to provide the sample within two hours of the request. *Id.* The next day, Lt. A. Phillips investigated the charge. As part of the investigation, Lt. Phillips gave Ussery a copy of the incident report, read the charge to him, and advised him of his rights. *Id* at 3. Those rights included a warning that Ussery had the right to remain silent, but that if he did so an

adverse inference could be drawn against him. *Id.* Ussery stated that he had no comments concerning the incident report. *Id.* A Unit Disciplinary Committee (UDC) hearing was held on August 11, 2013, at which Ussery appeared and made the following statement:

> I was called to the lieutenants [sic] office from the Rec Yard after I had been working out for 3 hours. I was dehydrated. He asked for a urine sample for a test, I produced urine twice. But the Officer threw it away, because he said it wasn't enough. Told me start over. He gave me cold water on my hot body, and it's not medical [sic] possible for me to produce urine a third time. My bot [sic] had shut down, I didn't refuse. Why didn't he give me another opportunity?

*Id.* at 4.

The UDC referred the charge for a hearing before the Discipline Hearing Officer (DHO). On August 11, 2013, Ussery received a notice of the hearing, accompanied by a statement of his rights at the hearing, including the right to have a staff representative and to call witnesses. [8-6] at 2. The hearing was held on August 28, 2013. At the hearing, Ussery rejected the services of a staff representative and declined to present any evidence. [8-7] at 2. Instead, Ussery admitted that he was guilty of the charge and declined to make any further statement. *Id.* The DHO issued a report on September 25, 2013, in which he concluded, based upon the evidence, that Ussery had committed the violation. *Id.* at 3-4. As punishment, the DHO sanctioned Ussery to 14 days in disciplinary segregation, a 41-day disallowance of good conduct time, and loss of commissary and visiting privileges for six months. *Id.*

Ussery argues first that the decision of the DHO was arbitrary and capricious. In support of this position, he states that he was dehydrated at the time of the sample

request and was able to give only two partial samples during the two-hour period. According to Ussery, Officer Salassi refused to accept and destroyed the partial sample and deemed him as having refused to produce a complete sample prior to the expiration of the two-hour period.

A disciplinary decision revoking a prisoner's earned good time credit may be overturned only where there is no evidence whatsoever to support it. *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994). In his decision, the DHO cited the following evidence: The incident report in which Officer Salassi stated that Petitioner had failed to produce a sample within two hours of the request; Lt. Phillips's report of his investigation, which included Ussery's failure to make a statement; and Ussery's admission of guilt before the DHO. [8-7] at 3. The DHO drew an adverse inference against Ussery based upon his silence during the investigation. *Id.* There was clearly "some evidence" to support the DHO's finding. *See Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455-56 (1985) (decision to revoke earned good time credit must be supported by "some evidence."). Thus, this court may not overturn the DHO's decision.

Ussery's remaining argument is that he was denied due process in that the urine surveillance policy of the Bureau of Prisons does not allow destruction of partial samples. That policy states as follows:

> Staff of the same sex as the inmate tested shall directly supervise the giving of the urine sample. If an inmate is unwilling to provide a urine sample within two hours of a request for it, staff must file an incident report. No waiting period or extra time need be allowed for an inmate who directly and specifically refuses to provide a urine sample. To eliminate the possibility of diluted or adulterated samples, staff shall keep the inmate under direct visual supervision during this two-hour period, or until a complete sample is furnished. To assist the

3

>inmate in giving the sample, staff shall offer the inmate eight ounces of water at the beginning of the two-hour time period. An inmate is presumed to be unwilling if the inmate fails to provide a urine sample within the allotted time period. The inmate may rebut this presumption during the disciplinary process.
>
>Ordinarily, an inmate is expected to provide a urine sample within two hours of the request, but the Captain (or Lieutenant) may extend the time if warranted by specific situations (for example, the inmate has a documented medical or psychological problem, is dehydrated, etc.).
>
>. . .
>
>A urine sample is considered to be approximately a full specimen bottle.

BOP Program Statement 6060.08, p. 4 (2001). Obviously, this policy statement makes no mention whatsoever of destruction of partial samples. In any event, a prison's failure to follow its own procedural regulations does not necessarily violate due process. *Jackson v Cain*, 864 F.2d 1235, 1231 (5th Cir. 1989). This argument is without merit.

For these reasons, the undersigned recommends that relief be denied and the petition be dismissed. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed

factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 11th day of August, 2015.

                                  /s/ F. Keith Ball
                                UNITED STATES MAGISTRATE JUDGE